**Loretta ROLLAND, et al., Plaintiffs**

v.

**Argeo Paul CELLUCCI,
et al., Defendants**

**No. CIV.A.9830208KPN.**

United States District Court,
D. Massachusetts.

Sept. 12, 2001.

---

---

Richard D. Belin, Nima R. Eshghi, Foley, Hoag & Eliot, Boston, MA, Steven J. Schwartz, Cathy E. Costanzo, Center for Public Representation, Northampton, MA, Stacie B. Siebrecht, Matthew Engel, Disability Law Center, Boston, MA, Frank J. Laski, Mental Health Legal Advisors Committee, Christine M. Griffin, Boston, MA, Thomas B. York, Dilworth Paxson LLP, Harrisburg, PA, for Loretta Rolland, Terry Newton, by her parents and legal guardians, Janes and Forrest E. Newton, Bruce Ames, by his legal guardian, Linda Bock, Frederick Cooper, by his mother and legal guardian, Minnie Humphries, Margaret Pinette, Leslie Francis, by his next friend, Rob Fields, Timothy Raymond, by his mother and legal guardian, Mariann Herk ACR Massachusetts, Stav-

ros Center for Independent Living, Plaintiffs.

Peter T. Wechsler, Ginny Sinkel, Attorney General's Office, Boston, MA, Judith S. Yogman, Attorney General's Office, Government Bureau, Boston, MA, H. Gregory Williams, Attorney General's Office, Springfield, MA, Thomas B. York, Dilworth Paxson LLP, Harrisburg, PA, for Argeo Paul Cellucci, Acting Governor of Massachusetts, Frederick A. Laskey, Secretary of the Executive Office of Administration and Finance, William D. O'Leary, Secretary of the Executive Office of Health and Human Services, Bruce M. Bullen, Commissioner of the Division of Medical Assistance, Gerald Morrissey, Commissioner of the Department of Mental Retardation, Elmer C. Bartels, Commissioner of the Massachusetts Rehabilitation Commission, Howard Koh, Dr., Commissioner of the Department of Public Health, Teresa O'Hare, Director of Region I for the Department of Mental Retardation, all in their official capacities, Defendants.

Phillip Kassel, Boston, MA, John Reinstein, Civil Liberties Union of Mass., Boston, MA, Daniel S. Manning, Boston, MA, Allan G. Rodgers, Boston, MA, J. Paterson Rae, Springfield, MA, James Breslauer, Lawrence MA, for Massachusetts Law Reform Institute, American Civil Liberties Union of Mass., Mass. Correctional Legal, Neighborhood Legal Services, Inc., Western Mass. Legal Services, Inc.

*MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFFS' MOTION TO RECONSIDER AND REVISE THE COURT'S JULY 23, 2001 MEMORANDUM AND ORDER (Docket No. 244)*

NEIMAN, United States Magistrate Judge

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiffs request

the court to reconsider and revise a portion of its July 23, 2001 memorandum and order in which it addressed Plaintiffs' motion for a second award of attorney's fees. *See Rolland v. Cellucci*, 151 F.Supp.2d 145 (D.Mass.2001). In fine, Plaintiffs assert that a bright line distinction drawn by the court between non-judicial "monitoring" and judicial "enforcement" activities with respect to paragraph thirty-two of the parties' settlement agreement is an unwarranted departure from the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, and is inconsistent with certain "prevailing party" determinations described in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986), and its progeny. According to Plaintiffs, the court can rectify its alleged error by redacting several pages from its analysis. Plaintiffs do not, however, contest the bottom line award of $289,765 in fees and $28,247.10 in costs.

The parties and amici raise many wide-ranging issues, particularly the standard by which Plaintiffs' efforts under paragraph thirty-two of the settlement agreement should be measured for purposes of determining fees. In the end, the question remains whether certain efforts in which Plaintiffs fail to prevail should result in no fees, as the court's ruling suggests, or whether such efforts nonetheless should be measured by a reasonableness standard, as Plaintiffs argue.

Although the court is open to reconsider its analysis, as Plaintiffs request, it will refrain from doing so at this time for a number of reasons. First and foremost among those reasons is the matter of justiciability. As the First Circuit recently reiterated, "[t]he Constitution confines the federal courts' jurisdiction to those clams which embody actual 'cases' or 'controversies.'" *Cruz v. Farquharson*, 252 F.3d

530, 533 (1st Cir.2001) (quoting U.S. Const. art. Ill, § 2, cl. 1). Plaintiffs' assertions to the contrary, their motion presents no real controversy.

In making the award, the court determined, in applicable part, that Plaintiffs' compensation should be reduced for efforts expended on three motions: Plaintiffs' motion to lift the stay established by the settlement agreement with respect to diversion (resulting in a 22.5 hour reduction), as well as a motion to strike and a motion for continuance, both of which related to Plaintiffs' otherwise successful effort to lift the stay regarding specialized services (resulting in a 6.5 hour reduction). For purposes here, however, Plaintiffs do not challenge the actual reductions, conceding that they could have been justified on grounds other than those chosen by the court. Therefore, Plaintiffs' request to have the court revise but not necessarily re-apply its reasoning is, in essence, a request for an advisory opinion, advice which the court is reluctant to give outside the context of an actual controversy.

Second, it became clear at oral argument on September 7, 2001, when the parties' concerns were aired, that Plaintiffs were seeking to have the court revise its reasoning in ways far more nuanced than even an advisory opinion would justify. For example, Plaintiffs suggest in their motion that the bright line established by the court, in the context of paragraph thirty-two, might be drawn at a somewhat different place:

> If a distinction is to be drawn between those activities which are compensable pursuant to the initial prevailing party status and those which require a separate and subsequent evaluation of success, the relevant distinction should be between a motion for noncompliance and a motion for further injunctive relief. The former is directly related to the

facts and claims which resulted in the Agreement, and seeks only a determination that the defendants have not met their obligations under the Agreement, while the latter may seek additional relief and new obligations.

(Docket No. 244: Pl's Motion at 2.) As Plaintiffs clarified in open court, however, even paragraph thirty-two motions for further injunctive relief might not require the utilization of a prevailing party standard for attorneys fees to be awarded. It would depend, Plaintiffs argue, on the nature of the paragraph thirty-two motion itself. These varying possibilities, in the court's estimation, are simply too speculative to assess, let alone provide guidance upon, at this time. *Cf. Public Service Co. of N.H. v. Patch,* 167 F.3d 15, 23 (1st Cir.1998) (one aspect of prematurity which especially concerns the courts is "whether the issues raised can properly be decided in the abstract or would benefit from facts not yet known").

Again, the court, if otherwise convinced, is quite willing to alter its analysis in the context of an actual controversy, should one arise in the future. For the moment, however, the court will DENY WITHOUT PREJUDICE Plaintiffs' motion to reconsider its July 23, 2001 memorandum and order.

IT IS SO ORDERED.